UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 24-2997 (RBW) |
| DISTRICT OF COLUMBIA ) | |
| COURT OF APPEALS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Upon consideration of the parties' submissions, and in accordance with the oral rulings issued by the Court during the preliminary injunction hearing held on May 27, 2025, the Court concludes that it must deny the plaintiff's motion for a preliminary injunction because the plaintiff has failed to establish a likelihood that the Court has subject matter jurisdiction over the claims he raises in his motion.[1]  See Plaintiff's Motion for Preliminary Injunction ("Pl.'s Mot.") at 1, ECF No. 11.  After careful review of the plaintiff's motion, and both taking as true his factual allegations and liberally construing his claims, the Court nonetheless concludes that he has not established that there is any likelihood that he will succeed on the merits of the claims for which he seeks an injunction.  The plaintiff's claims in this motion constitute a challenge to (1) the judgment against him in the Superior Court of the District of Columbia ("Superior Court"), in which the plaintiff sued District of Columbia Board on Professional Responsibility (the "Board")

---

[1] Because the Court concludes that the plaintiff has failed to establish a likelihood that the Court has jurisdiction over the claims he raises in his motion for a preliminary injunction, it also concludes that it need not engage in a full preliminary injunction analysis here.

seeking injunctive relief in the form of an order declaring that District of Columbia Board on Professional Responsibility Rule 12.2 ("Rule 12.2") was violated because the Board failed to render a decision in his disciplinary proceeding within the time designated in the Rule; and (2) the ongoing disciplinary proceeding against him scheduled for a hearing before the District of Columbia Court of Appeals.  Specifically, the plaintiff, in his motion, is seeking to have the Court void two reports issued in relation to his ongoing disciplinary proceeding—the AHHC Report due to a timeliness issue and the Board Report due to his representations that distribution of the Report will cause reciprocal disciplinary proceedings in other jurisdictions in which he has been admitted to practice law—in advance of the oral arguments in his disciplinary proceeding currently scheduled for May 29, 2025.  And, by requesting that the Court void the two contested reports, the plaintiff ultimately seeks to have this court effectively enjoin the upcoming oral arguments because the disciplinary reports are central to that proceeding.  However, to the extent that the relief the plaintiff seeks is the invalidation of the judgment rendered by the Superior Court and subsequently affirmed by the District of Columbia Court of Appeals ("Court of Appeals"), these claims are barred by the Rooker–Feldman doctrine.  And, to the extent that the plaintiff seeks relief that effectively amounts to intervention by this federal court in ongoing state-court proceedings, those claims are barred by Younger abstention.  See JMM Corp. v. District of Columbia, 378 F.3d 1117, 1120 (D.C. Cir. 2004) ("In Younger v. Harris and its progeny, the Supreme Court held that, except in extraordinary circumstances, a federal court should not enjoin a pending state proceeding (including an administrative proceeding) that is judicial in nature and involves important state interests.") (citing Younger v. Harris, 401 U.S. 37 (1971)).

## I.  BACKGROUND

The plaintiff, Larry Klayman—an attorney and resident of Florida who is currently facing disciplinary proceedings before the District of Columbia Bar and is proceeding pro se in this case—brings this civil action against the defendants—the Court of Appeals, which is responsible for adjudicating disciplinary matters involving attorneys licensed to practice law in the District of Columbia; the Board; the members of the Board (the "Board Defendants"), specifically, Sara Blumenthal, Margaret Cassidy, Thomas Gilbertsen, William Hindle, Sharon Rice-Hicks, Bernadette Sargeant, Leslie Spiegel, Michael E. Tigar, and Robert Walker; and the members of the Ad Hoc Hearing Committee (the "AHHC"), which the plaintiff represents, "preside[s] over disciplinary hearings [and is] appointed by the Board[,]" specifically, Robin Bell, Buffy Mims, and Christian White.  Complaint ("Compl.") ¶¶ 3–17, ECF No. 1.

In his motion for a preliminary injunction, the plaintiff seeks "relief in the form of an order finding that the AHHC Report and Board Report in [the disciplinary proceeding against him that the plaintiff identifies as] the Bundy matter are void ab initio[,] vacated[,] and thus preliminarily enjoined from further consideration."  Pl.'s Mot. at 2.  The plaintiff represents that "[t]his matter is urgent and ripe for immediate consideration because of the irreparable harm that will follow immediately from the [Court of Appeals] having currently scheduled oral argument [on] the subject [of] ongoing disciplinary action against [the plaintiff] . . . for May 2[9],[2] 2025[,] and the likely adverse events harming [the p]laintiff that will flow shortly therefrom."  Id. at 1.  The plaintiff alleges that, if the Court of Appeals is allowed to proceed with oral arguments on May 29, 2025, based at least in part upon the contested AHHC and Board Reports, the Court of

---

[2] The plaintiff indicated in his motion that the hearing is scheduled for May 28, 2025, but during the May 27, 2025, hearing clarified that the hearing is actually scheduled for May 29, 2025.

3

Appeals will likely issue a decision that the plaintiff speculates will be unfavorable.  And, the plaintiff argues that a decision to that effect would "effectively remove" him "from the practice of law in the District of Columbia as well as severely affect his practice of law in other . . . jurisdictions and courts where he is licensed to practice," because, he contends, the decision would "likely trigger reciprocal disciplinary proceedings[,]" which are "extremely time consuming, very costly, [and] also prevent[ the plaintiff] from fully representing" his clients.  Id. at 15–16.

As support for his motion for a preliminary injunction, the plaintiff contends that "the Board Defendants have refused to apply Board on Professional Responsibility Rule 12.2 ('Rule 12.2') . . . to dismiss the" disciplinary proceeding against him.  Id. at 3.  He represents that the AHHC Defendants violated Rule 12.2 by failing to issue their Report regarding the Bundy disciplinary matter for over four years, which the plaintiff asserts, is "hugely past the . . . 120 days" set forth in Rule 12.2.  Id.  The plaintiff alleges that this delay "forced" him to sue the Board in Superior Court (in a lawsuit that the plaintiff calls "the Bundy Litigation"), seeking "injunctive relief in the form of an order requiring that Rule 12.2 be enforced[,]" which would have essentially voided the AHHC Report and blocked its foundational use in the disciplinary proceeding against him—likely mooting the disciplinary proceeding as a result.  Id.  Simultaneously, the plaintiff asked the Court of Appeals, in its capacity overseeing the disciplinary proceeding, "to either dismiss the disciplinary action on the basis of [the] Rule 12.2 [violation] or to stay th[e] disciplinary proceeding pending the outcome of the Bundy Litigation," in which the plaintiff was seeking an injunction based on the Rule 12.2 violation, but the Court of Appeals declined to dismiss or stay the disciplinary proceeding.  Id.  The Superior Court subsequently dismissed the Bundy Litigation, denying the plaintiff's request for injunctive relief,

and the Court of Appeals affirmed the Lower Court's dismissal. See id. Then, the plaintiff filed a petition for rehearing en banc in the Bundy Litigation that "is currently pending" before the Court of Appeals. Id. (emphasis added).

The plaintiff also represents that "the Board Defendants . . . issued a Report and Recommendation while the Bundy Litigation was still pending," presumably prior to when the plaintiff filed his motion for rehearing en banc. The plaintiff represents that the Board Report concerns the ongoing disciplinary proceeding against him and creates "the likelihood of a 'temporary suspension' condition for [the plaintiff], which in and of itself will cause him, his colleagues, his clients, and his family irreparable harm." Id. at 4. He further represents that the Office of Disciplinary Counsel ("ODC") has distributed copies of the Board Report "in order to maliciously harm [the plaintiff's] standing in foreign jurisdictions and courts." Id. at 19.

At bottom, the plaintiff's ongoing state-court lawsuit, requesting that the Court of Appeals enjoin the plaintiff's ongoing disciplinary proceeding on the grounds that the delayed issuance of the AHHC Report violated Rule 12.2, is still underway, and the Board Report, with which the plaintiff also takes issue, was presumably issued as part of the plaintiff's ongoing disciplinary proceeding. However, the plaintiff, as the basis for his motion for a preliminary injunction from this federal court, represents that "[u]rgent action is required now to avoid irreparable harm to [the plaintiff] because . . . a decision that is not likely to be favorable to [the plaintiff] will likely come down shortly after the currently scheduled May 2[9], 2025[,] oral argument" in the disciplinary matter before the Court of Appeals. Id. at 3–4. In other words, the plaintiff is now seeking to have this Court void the AHHC Report that is currently under consideration for the same reason in state court and the Board Report that was issued as part of an ongoing disciplinary proceeding within the jurisdiction of the District of Columbia court

5

system, with the ultimate goal of having this Court intervene in both a state court lawsuit and a state-court-governed disciplinary proceeding—effectively halting both proceedings in their tracks. Thus, in an apparent attempt to prevent oral arguments in the plaintiff's disciplinary proceeding from taking place on May 29, 2025, as currently scheduled, the plaintiff presently seeks to have this federal court preliminarily enjoin the two reports that form the basis for that state-conducted proceeding.

In opposition, the Board Defendants assert that the plaintiff "has presented these same arguments to the D.C. Court of Appeals[, and t]hat court is scheduled to hear oral argument on May 29, 2025." See Board on Professional Responsibility, Robin Bell, Sara Blumenthal, Margaret Cassidy, Thomas Gilbertsen, William Hindle, Buffy Mims, Sharon Rice-Hicks, Bernadette Sargeant, Leslie Spiegel, Michael E. Tigar, Robert Walker, and Christian White's Opposition to Larry Klayman's Motion for a Preliminary Injunction ("Board Defs.' Opp'n") at 1, ECF No. 17. These defendants further represent that the Court of Appeals "has recognized that [the] plaintiff's arguments 'implicate a number of interpretative questions' regarding Rule 12.2, including 'whether the timing requirement of Rule 12.2 is mandatory or permissive, whether any exception is allowed under the rule, and what the consequences are of an untimely filed report.'" Id. However, they contend that "[d]espite this, [the] plaintiff has now filed a motion for preliminary injunction in which he asks this Court to issue a ruling on the merits . . . . In other words, [the] plaintiff wants this Court to decide the very issue the D.C. Court of Appeals is poised to decide, and to prevent that court from discharging its duty to determine discipline over attorneys practicing in the District of Columbia." Id. (emphasis added). Ultimately, the Board Defendants make the following arguments in opposition to the plaintiff's motion for a preliminary injunction: (1) "although the D.C. Court of Appeals scheduled oral argument in the

Bundy matter in March, [the] plaintiff waited until May 14 before filing his motion[, which] belies his assertion of exigency and emergency warranting injunctive relief[,]" id. at 2;[3] (2) the plaintiff has failed to show a substantial likelihood of success on the merits because "this Court lacks jurisdiction over this lawsuit because of the Rooker-Feldman doctrine[,] the D.C. Court of Appeals has repeatedly held that a delay in attorney disciplinary proceedings does not require dismissal of the disciplinary matter[, a]nd [the] plaintiff has pleaded no facts making his selective prosecution claims plausible[,]" id.; (3) the plaintiff "relies only on speculation and conjecture for his assertion of irreparable harm[,]" id.; and (4) the plaintiff "cannot show that the balance of equities tips in his favor or that it is in the public interest to stop the D.C. Court of Appeals from considering whether an attorney violated myriad Rules of Professional Conduct[,]" id.

## II.  STANDARD OF REVIEW

### A. Motion for Preliminary Injunction

Preliminary injunctions are "extraordinary remed[ies] that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." Cobell v. Norton, 391 F.3d 251, 258 (D.C. Cir. 2004). A party moving for a preliminary injunction must show "(1) a substantial likelihood of success on the merits,[4] (2) that [he] would suffer

---

[3] Specifically, the Board Defendants represent that "when the D.C. Court of Appeals scheduled the case for oral argument on March 27, 2025, . . . [the] plaintiff did not seek any injunctive relief from this Court. Instead[,] he waited more than six weeks before filing his motion for preliminary injunction . . . . [Therefore, h]is claim of exigency and emergency thus rings hollow." Board Defs.' Opp'n at 11 (internal citation omitted).

[4] And, "[i]n this context, the 'merits' on which [the] plaintiff must show a likelihood of success encompass not only substantive theories but also establishment of jurisdiction." Obama v. Klayman, 800 F.3d 559, 565 (D.C. Cir. 2015). "Federal district courts are courts of limited jurisdiction[,]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and therefore, the Court is ultimately obligated to dismiss a claim if it "lack[s] . . . subject matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). Because "it is to be presumed that a cause lies outside [the Court's] limited jurisdiction," Kokkonen, 511 U.S. at 377, the plaintiff bears the burden of establishing by a preponderance of the evidence that a district court has subject matter jurisdiction. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561

(continued . . .)

irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction."  Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006).  In "seeking a preliminary injunction, the movant has the burden to show that all four factors, taken together, weigh in favor of the injunction."  Abdullah v. Obama, 753 F.3d 193, 197 (D.C. Cir. 2014) (internal quotation marks omitted).  However, "[w]hen the defendant is the government, factors (3) and (4) merge."  Anatol Zukerman & Charles Krause Reporting, LLC v. U.S. Postal Serv., 64 F.4th 1354, 1364 (D.C. Cir. 2023).

Although previously "[t]he four factors [were] typically [ ] evaluated on a 'sliding scale[]'" in this Circuit, Davis v. Pension Ben. Guar. Corp., 571 F.3d 1288, 1291 (D.C. Cir. 2009), the Supreme Court's decision in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), cast doubt on the propriety of that approach, see Save Jobs USA v. U.S. Dep't of Homeland Sec., 105 F. Supp. 3d 108, 112 (D.D.C. 2015) (noting that "[i]t is not clear whether th[e sliding scale] approach survives after Winter, which suggested that a likelihood of success on the merits must always be shown").  Indeed, "the [District of Columbia] Circuit has suggested that a positive showing on all four preliminary injunction factors may be required."  Holmes v. Fed. Election Comm'n, 71 F. Supp. 3d 178, 183 n.4 (D.D.C. 2014).  And at least some Circuit judges have "read Winter at least to suggest[—]if not to hold[—]'that a likelihood of success is

---

(. . . continued)

(1992).  The appropriate disposition where the moving party has not shown a substantial likelihood of jurisdiction I to deny the motion.  See Church v. Biden, 573 F. Supp. 3d 118, 133 (D.D.C. 2021) ("A plaintiff who fails to show a substantial likelihood of jurisdiction is 'not entitled to any relief, let alone the extraordinary remedy of a preliminary injunction.'") (quoting Schindler Elevator Corp. v. WMATA, 514 F. Supp. 3d 197, 212 (D.D.C. 2020), aff'd 16 F.4th 294 (D.C. Cir. 2021)).

an independent, freestanding requirement for a preliminary injunction[.]'" Sherley v. Sebelius, 644 F.3d 388, 393 (D.C. Cir. 2011) (citing Davis, 571 F.3d at 1296 (Kavanaugh, J., concurring)).

Similarly, Winter "makes clear[] [that] a mere 'possibility' of irreparable harm will not suffice." Cal. Ass'n of Private Postsecondary Schs. v. DeVos, 344 F. Supp. 3d 158, 167 (D.D.C. 2018) (quoting Winter, 555 U.S. at 22).  Indeed, "a showing that irreparable injury is 'likely' is the sine qua non for obtaining a preliminary injunction—it is what justifies the extraordinary remedy of granting relief before the parties have had the opportunity fully to develop the evidence and fully to present their respective cases." Achagzai v. Broad. Bd. of Governors, No. 14-cv-768 (RDM), 2016 WL 471274, at *3–4 (D.D.C. Feb. 8, 2016).  Therefore, "[a] movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." Chaplaincy of Full Gospel Churches, 454 F.3d at 297.

In order to establish a likelihood of success on the merits, a party moving for a preliminary injunction must also establish subject-matter jurisdiction.  See, e.g., Uranga v. U.S. Citizenship & Immigr. Servs., 527 F. Supp. 3d 10, 18 (D.D.C. 2020); Climate United Fund v. Citibank, N.A., No. 25-cv-698 (TSC), 2025 WL 1131412, at *8 (D.D.C. Apr. 16, 2025); Church, 573 F. Supp. 3d at 133.  And, failure to establish likelihood of success on the merits is a bar to relief for a party seeking a preliminary injunction.  Here, for the reasons outlined below, the Court concludes that the plaintiff has failed to establish a likelihood that the Court has jurisdiction over the claims he raises in his motion for a preliminary injunction.  Because likelihood of success appears to be a freestanding requirement for a preliminary injunction, the Court need not engage in the remaining factors.  However, given the speculative nature of the harm proposed by the plaintiff and the important state interest in overseeing the ethical conduct

of members of the District of Columbia Bar, the Court would likely still deny the plaintiff's motion based on those factors, as well.

## III.  ANALYSIS

The Court begins its analysis by addressing two related issues that are not central to its decision regarding the plaintiff's motion for a preliminary injunction.  First, the Court concludes that the plaintiff has not properly served the Court of Appeals and therefore the Court lacks jurisdiction over that defendant.[5]  The Court of Appeals, in its opposition to the plaintiff's motion, notes that "[a]t the outset, proper service has not been effectuated on the [ ] Court of Appeals as required by [Federal Rule of Civil Procedure] 4.  Failure to effectuate service is a jurisdictional defect[, and t]he [Court of Appeals] does not waive proper service."  Defendant District of Columbia Court of Appeals's Opposition to Plaintiff's Motion for Preliminary Injunction ("Def. DCCA's Opp'n") at 1, ECF No. 19 (internal citation omitted).  During the May 27, 2025, hearing, counsel for the Court of Appeals referenced the District of Columbia Superior Court Rules of Civil Procedure (the "D.C. Rules") in making her argument that the plaintiff had not properly effectuated service on the Court of Appeals.  However, it is not clear to the Court whether the D.C. Rules or the Federal Rules of Civil Procedure (the "Federal Rules") govern

---

[5] The Court acknowledges that "at least two circuits have held in published opinions that service is not required before a Court may rule on a motion for a preliminary injunction." Padgett v. Vilsack, No. 24-cv-02954 (CRC), 2024 WL 5283897, at *3 (D.D.C. Nov. 8, 2024) (citing Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., 80 F.4th 536, 542–43 (5th Cir. 2023); H-D Michigan, LLC v. Hellenic Duty Free Shops S.A., 694 F.3d 827, 842, 846 (7th Cir. 2012)).  This issue remains an open question by the District of Columbia Circuit.  However, another member of this district recently held, in alignment with the Fifth and Seventh Circuits, that "Federal Rule of Civil Procedure 65(a) permits a court to 'issue a preliminary injunction only on notice to the adverse party.' Fed. R. Civ. P. 65(a)(1).  [And therefore, a]s the Fifth Circuit put it, the rule's text 'does not require service of process, but rather requires notice to the adverse party.'"  Padgett, 2024 WL 5283897, at *3 (quoting Whirlpool, 80 F.4th at 542).  In any event, the Court concludes that it need not wade into this open question because the Court of Appeals appears to have been provided notice by the plaintiff.

how to affect service on the Court of Appeals.⁶ Nonetheless, the Court does not need to reach a conclusion on the issue of whether the Court of Appeals was properly served in order to issue its ruling denying the plaintiff's motion for a preliminary injunction because, even assuming <u>arguendo</u> that the plaintiff has properly served the Court of Appeals, the Court nonetheless concludes that the plaintiff has failed to show a likelihood of jurisdiction for the Court to grant the plaintiff's motion for a preliminary injunction as to this defendant for the reasons set forth below.

Second, the Court did not permit the plaintiff to take the witness stand and testify during the preliminary injunction hearing on May 27, 2025. This decision was within the Court's discretion, and the Court did not permit the presentation of evidence, both because of its conclusion that it lacks jurisdiction to consider the plaintiff's motion and also because the plaintiff failed to comply with the United States District Court for the District of Columbia Local Civil Rules ("LCvR"), which provide that:

---

⁶ Pursuant to Federal Rule of Civil Procedure 4(j)(2), which governs service of a state or local government, "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Should the Court determine that Federal Rule 4(j)(2)(A) governs service by the plaintiff on the Court of Appeals in this case, the Court concludes that the Executive Officer of the District of Columbia Courts—a position presently held by Herbert Rouson Jr.—would be the appropriate recipient. And, the plaintiff does not contend that he served the Executive Officer of the District of Columbia Courts, so he has failed to satisfy Federal Rule 4(j)(2)(A). However, should the Court determine that Federal Rule 4(j)(2)(B) governs, then the plaintiff would presumably be subject to the D.C. Rules. During the May 27, 2025, hearing, the Court of Appeals referenced D.C. Rule 4(j), which is entitled Serving the District of Columbia, an Agency or Officer of the District of Columbia, or Other Government Entities Subject to Suit. <u>See</u> D.C. Super. Ct. R. Civ. P. 4(j). Because the Court of Appeals is a component of the District of Columbia, the Court concludes that subsection three, which governs serving the District of Columbia, would be most applicable to proper service of process on the Court of Appeals. <u>See</u> D.C. Super. Ct. R. Civ. P. 4(j)(3). That subsection mandates that "[t]he District of Columbia must be served by delivering . . . a copy of the summons, Complaint, [or any other document] directed by the court to the parties at the time of filing to the Mayor of the District of Columbia (or designee) and the Attorney General of the District of Columbia (or designee)." D.C. Super Ct. R. Civ. P. 4(j)(3)(A). The plaintiff has not served the Mayor of the District of Columbia, the Attorney General of the District of Columbia, or a designee of either official. Therefore, the plaintiff also appears to have failed to satisfy both Federal Rule 4(j)(2)(B) and D.C. Rule 4(j)(3).

> The practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible. Accordingly, any party who wishes to offer live testimony or cross-examine an affiant at the hearing shall so request in writing 72 hours before the hearing and shall provide the Court and all other parties a list of the witnesses to be examined and an estimate of the time required. The Court may decline to hear witnesses at the hearing where the need for live testimony is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. If practicable, the Court shall notify all parties of its ruling on the request to adduce live testimony one business day before the hearing.

LCvR 65.1. The plaintiff, who emphasizes his extensive history of practicing law in the District of Columbia and before this Court, did not file a request to offer live testimony, even though he filed this motion on May 14, 2025, seeking emergency intervention before oral arguments that are scheduled for May 29, 2025, before the Court of Appeals. Accordingly, the Court determined that admission of live testimony and the proffer of exhibits by the plaintiff was not compliant with LCvR 65.1 and therefore was not permitted. In addition, the Court concluded that it was unnecessary to hear testimony or consider exhibits in order to resolve the plaintiff's motion.

The Court next turns to its analysis of the plaintiff's likelihood of success on the merits and, in particular, whether it has jurisdiction to grant the plaintiff's motion for a preliminary injunction. Federal courts have established multiple doctrines to ensure that they avoid conflicts with state court proceedings. Two of the primary doctrines in this area are Younger abstention and the Rooker-Feldman doctrine. These doctrines are premised upon the principle that abstention or deference by federal courts is necessary where (1) there is an ongoing state court proceeding; or (2) a challenge by a federal court would improperly go against the judgment of a state court. "In Younger v. Harris and its progeny, the Supreme Court held that, except in extraordinary circumstances, a federal court should not enjoin a pending state proceeding (including an administrative proceeding) that is judicial in nature and involves important state

12

interests." JMM Corp., 378 F.3d at 1120 (concluding that the District of Columbia qualifies as a state for the purposes of Younger abstention).  Exceptions to the Younger abstention doctrine only apply in a very narrow set of circumstances.  "Such extraordinary circumstances include situations in which there is a showing of bad faith or harassment by state officials responsible for the prosecution, or where the state law to be applied . . . is flagrantly and patently violative of express constitutional prohibitions."  Id. at 1122 (internal quotation marks omitted).

Moreover, the Rooker–Feldman doctrine[7] establishes that "'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Laverpool v. Taylor Bean & Whitaker Reo LLC, 229 F. Supp. 3d 5, 15–16 (D.D.C. 2017) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994)).  "The Rooker–Feldman doctrine is based on the jurisdictional grant codified in 28 U.S.C. § 1257, which authorizes only the Supreme Court to exercise appellate jurisdiction over state court judgments." Laverpool, 229 F. Supp. 3d at 16.[8]  However, the District of Columbia Circuit has established limitations on the applicability of the Rooker-Feldman doctrine.  See, e.g., D.C. Healthcare Sys., Inc. v. District of Columbia, 925 F.3d 481, 487 (D.C. Cir. 2019) (concluding that "the Rooker-Feldman doctrine does not deprive the district court of jurisdiction to decide" a case in which  a party's "federal lawsuit does not 'invit[e] district court review and

---

[7] This doctrine derives its name from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[8] In Laverpool, the Court concluded that "[e]ven where a federal district court might have had subject-matter jurisdiction over a matter had the claims first been brought in that court, the Rooker–Feldman doctrine bars the court from hearing the matter if the claim was already adjudicated in state court when the action subsequently brought in federal court asks the 'District Court to overturn an injurious state-court judgment.'"  229 F. Supp. 3d at 16 (quoting Exxon Mobil Corp., 544 U.S. at 291–92) (emphasis in original).

13

rejection of [a state court's] judgments[,]'[ but instead] presents claims that are 'independent' of and distinct from those adjudicated by the [state court]" (quoting Skinner v. Switzer, 562 U.S. 521, 532 (2011) (first and second alterations in original) (internal quotation marks omitted)). However, those limitations do not apply to the plaintiff's arguments regarding the instant motion for a preliminary injunction.[9]

Here, the plaintiff takes issue with the Reports of the AHHC and the Board and argues that "there is absolutely no prejudice or harm to the [d]efendants if the [preliminary injunction] is granted. This would simply result in the [d]efendants following and applying the [District of Columbia Board on Professional Responsibility] Rules as written, and therefore an order in that regard would simply maintain the status quo." Pl.'s Mot. at 20 (emphasis omitted). The Rooker-Feldman doctrine bars this court from overriding the decision by the Superior Court and Court of Appeals concerning the AHHC report, and Younger abstention bars this court from intervening in ongoing state-court proceedings—whether judicial (i.e., the plaintiff's petition for rehearing en banc, regarding the timeliness of the AHHC Report, that is currently under consideration by the

---

[9] The Court acknowledges that the District of Columbia Circuit, in D.C. Healthcare Systems, emphasized that the plaintiff's constitutional claims, among others, were not barred by the Rooker-Feldman doctrine, noting the distinction between that doctrine and the doctrine of preclusion:

> [T]he defendants maintain that, even if [the plaintiff] did not raise its constitutional and other claims in the Superior Court proceedings, it "had every opportunity to litigate" them there . . . . [W]e doubt that [the plaintiff] could have fully litigated all of the claims contained in its federal complaint in those proceedings. But even if it could have, this argument mistakes the doctrine of preclusion for that of Rooker-Feldman. As the Supreme Court explained . . . in Skinner: ["]Switzer asserts that Skinner could have raised his federal claim in the [state] proceeding. Even if that were so, Rooker–Feldman is not simply preclusion by another name, and questions of preclusion unresolved below are best left for full airing and decision on remand.["]  562 U.S. at 533 n.11 (citations and internal quotation marks omitted).

925 F.3d at 489–90 (quoting Skinner, 562 U.S. at 533 n.11 (citations and internal quotation marks omitted)). While the Court will consider this distinction upon consideration of the pending motion to dismiss in this case, the plaintiff's motion for a preliminary injunction only challenges the AHHC and Board Reports in the Bundy matter. See generally Pl.'s Mot.

Court of Appeals) or administrative (i.e., the disciplinary proceeding currently scheduled for oral argument on May 29, 2025, which apparently relies at least in part upon both the AHHC and Board Reports). Therefore, the Court lacks subject-matter jurisdiction to grant the plaintiff the relief he has requested in his motion for a preliminary injunction, and therefore the plaintiff has failed to demonstrate substantial likelihood of success on the merits—a bar to relief on a motion for a preliminary injunction. See Church, 573 F. Supp. 3d at 133.

While the plaintiff raises constitutional claims in his Complaint, and reference was made to those claims by the Court during the May 27, 2025, hearing regarding its concern about this case being brought in this Court, the Court will not address those claims at this stage because those claims do not form the basis for the plaintiff's motion for a preliminary injunction. See generally Pl.'s Mot. Indeed, the plaintiff's motion for a preliminary injunction is focused solely on matters that are being adjudicated in the District of Columbia court system and will be the subject of the upcoming oral arguments currently scheduled for May 29, 2025. Instead, the Court will assess issues concerning the plaintiff's constitutional claims when it addresses the pending motion to dismiss that has been filed in this case.

## IV. CONCLUSION

To summarize, the Court concludes that the plaintiff has not adequately established a likelihood of success on the merits because he has not shown any likelihood that the Court has subject matter jurisdiction over the plaintiff's claims that are the basis for his motion for a preliminary injunction, and thus, the Court must deny his motion for a preliminary injunction. See Church, 573 F. Supp. 3d at 133. Because the Court concludes that it must deny the plaintiff's motion on those grounds, it need not consider what appear to be several other grounds for denying the plaintiff's motion, namely: (1) that the plaintiff has already challenged the

timeliness of the AHHC and Board Reports in the District of Columbia Court system; (2) the D.C. Court of Appeals appears to acknowledge the plaintiff's concerns in anticipation of the oral arguments scheduled for May 29, 2025; (3) the plaintiff's representation that a petition for rehearing <u>en banc</u> in the Bundy litigation is currently pending before the D.C. Court of Appeals; (4) the plaintiff can further pursue his challenge to the state court's decision in the Supreme Court of the United States—rendering unnecessary review by a federal court of the state court proceedings at issue; and (5) the outcome of the upcoming oral arguments is not a foregone conclusion as the plaintiff opines.

For the foregoing reasons, the Court concludes that it must deny the plaintiff's motion for a preliminary injunction.

**SO ORDERED** this 28th day of May, 2025.[10]

REGGIE B. WALTON  
United States District Judge

---

[10] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.