**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN,

                Plaintiff,

        - vs -

DISTRICT OF COLUMBIA COURT
OF APPEALS, *et al.*,

              Defendants.

Civil Action No.:
1:24-cv-02997-RBW

**BOARD ON PROFESSIONAL RESPONSIBILITY DEFENDANTS'
NOTICE OF ISSUANCE OF MANDATE, REQUEST TO REINSTATE
MOTION TO DISMISS, AND REQUEST TO FILE SUPPLEMENTAL BRIEF**

The Board on Professional Responsibly, Robin Bell, Sara Blumenthal, Margaret Cassidy, Thomas Gilbertsen, William Hindle, Buffy Mims, Sharon Rice-Hicks, Bernadette Sargeant, Leslie Spiegel, Michael Tigar, Robert Walker, and Christian White ("the Board defendants"), by their undersigned counsel of record, respectfully submit this notice requesting that the Court reinstate their previously-filed motion to dismiss and allow them to file a supplemental brief regarding that motion, stating as follows:

1.      On  October 22, 2024, Larry Klayman filed this lawsuit, alleging that this Court should order the D.C. Court of Appeals to stop its consideration of *In re Klayman*, No. 24-BG-689 (D.C.), involving whether he should be disciplined again for his violations of the D.C. Rules of Professional Conduct in connection with his efforts to become admitted *pro hac vice* in another federal district court, because a Board Hearing Committee did not issue its Report and Recommendation regarding that matter within the timeframe contemplated by Board Rule 12.2.

-1-

He alleged that the Board's interpretation of Rule 12.2 violates his First Amendment freedom of association and speech rights, as well as his rights under the Fifth Amendment.

2.      On March 14, 2025, the Board defendants timely filed a motion to dismiss this lawsuit. ECF No. 7. They argued that: (1) it was barred by the *Rooker-Feldman* doctrine; (2) the Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); (3) the Board, as an instrumentality of the D.C. Court of Appeals, is not capable of being sued; (4) all of the Board members have absolute immunity against plaintiff's damages claims; (5) the D.C. Court of Appeals has repeatedly held that a delay in attorney disciplinary proceedings does not require dismissal of the disciplinary matter; and (6) each of plaintiff's three claims fails as a matter of law and the Board members are entitled to qualified immunity in any event. ECF No. 7-1.

3.      On April 28, 2025, Mr. Klayman filed his opposition brief, and on May 5, 2025 the Board defendants filed their reply brief. ECF Nos. 9, 10.

4.      On May 14, 2025, Mr. Klayman filed a motion for injunctive relief in this Court, asking it to find the Hearing Committee Report and Recommendation in the Bundy matter is "void ab initio and vacated and thus preliminarily enjoined from further consideration" because of Rule 12.2 ECF No. 11.

5.      Following a hearing, this Court denied Mr. Klayman's motion for preliminary injunction because he failed to establish "that there is *any* likelihood that he will succeed on the merits of the claims for which he seeks an injunction." *See Klayman v. D.C. Ct. of Appeals*, No. 24-cv-2997, 2025 U.S. Dist. LEXIS 101168, at *2 (D.D.C. May 28, 2025) (emphasis in original).

6.      Mr. Klayman appealed this Court's denial of his injunctive relief motion to the United States Court of Appeals for the District of Columbia Circuit. ECF No. 22.

7.      While that appeal was pending, the D.C. Court of Appeals heard argument on

whether Mr. Klayman should be disciplined for his conduct in the Bundy matter. On August 7, 2025, it issued a comprehensive opinion imposing discipline. *See In re Klayman*, 340 A.3d 1212 (D.C. 2025) (per curiam). The D.C. Court of Appeals thereafter denied Mr. Klayman's petition for rehearing en banc.

8.      On December 19, 2025, the United States Court of Appeals for the District of Columbia Circuit issued a per curiam order stating that "[t]his appeal is now moot because the D.C. Court of Appeals has considered the two reports and entered its disciplinary decision."

9.      Mr. Klayman thereafter filed a petition for rehearing in the United States Court of Appeals for the District of Columbia Circuit, on January 20, 2026.

10.     Then, on February 3, 2026, Mr. Klayman filed a Notice in the United States Court of Appeals for the District of Columbia Circuit in which he sought the disqualification of the Hon. Reggie Walton. In that filing, Mr. Klayman falsely claimed that this Court had dismissed this lawsuit while his petition for rehearing remained pending in that Court:

> Judge Walton has now issued his February 6, 2026 order dismissing Mr. Klayman's underlying Amended Complaint in an improper and factually and legally erroneous attempt to moot out this entire matter, which again is still subject to his January 20, 2026 Petition for Rehearing.

11.     This statement was demonstrably false because the case, and the previously-filed motion to dismiss, remained pending in this Court.

12.     In his February 3, 2026 filing in the United States Court of Appeals for the District of Columbia Circuit, Mr. Klayman also accused this Court of a "premature, calculated, and transparent attempt to derail" his petition for rehearing.

13.     On March 3, 2026, this Court issued an Order stating that "Because the Circuit's pending decision on the plaintiff's interlocutory appeal will likely have a considerable impact on

how this case proceeds, specifically, the Court's resolution of the defendants' pending motion to dismiss, the Court will deny without prejudice the defendants' motion to dismiss pending resolution of the interlocutory appeal." ECF No. 29 at 2. The Court added that "[u]pon the issuance of the Circuit's mandate in response to the plaintiff's interlocutory appeal, the defendants may seek to have their motion to dismiss the Amended Complaint reinstated." *Id.* at 3 n.3

14.    On April 8, 2026, the United States Court of Appeals for the District of Columbia Circuit issued a per curiam order denying Mr. Klayman's petition for rehearing and denying his requests for disqualification of the Hon. Reggie Walton.

15.    On April 20, 2026, the United States Court of Appeals for the District of Columbia Circuit issued the mandate.

16.    Consequently, by this filing, the Board defendants respectfully request that the Court allow them to reinstate their previously-filed motion to dismiss, supporting memorandum, and reply brief. *See* ECF Nos. 7, 7-1 and 10.

17.    The Board defendants further request that the Court allow them to file a supplemental brief regarding their motion to dismiss. The Board defendants seek this relief because, after briefing was complete on the previously-filed motion to dismiss, the D.C. Court of Appeals issued an opinion discipling Mr. Klayman for his conduct in the Bundy matter. *See In re Klayman*, 340 A.3d 1212 (D.C. 2025) (per curiam).

18.    As a result, certain arguments that the Board defendants made in their original motion to dismiss (e.g., *Younger* abstention) are now no longer applicable.

19.    On the other hand, because the *In re Klayman* decision by the D.C. Court of Appeals considered – and rejected – certain arguments made by Mr. Klayman in this case, the

Board defendants intend to argue that issue or claim preclusion applies to those arguments.

20.    The Board defendants thus respectfully request that the Court allow them to file a supplemental brief that: (1) withdraws certain previously-made arguments; and (2) addresses any new arguments flowing from the D.C. Court of Appeals' decision *In re Klayman*. To be clear, the Board defendants are not asking the Court for leave to brief again any of the arguments previously addressed by the parties in the previous submissions.

Dated:    April 27, 2026                                  Respectfully submitted,

                                                        */s/ Leslie Paul Machado*
                                                        Leslie Paul Machado (Bar No. 472395)
                                                        O'Hagan Meyer PLLC
                                                        2560 Huntington Avenue, Suite 204
                                                        Alexandria, Virginia 22303
                                                        (703) 775-8607 (phone)
                                                        (804) 237-0250 (facsimile)
                                                        lmachado@ohaganmeyer.com

                                                        **Counsel for Defendants Board on Professional Responsibly, Robin Bell, Sara Blumenthal, Margaret Cassidy, Thomas Gilbertsen, William Hindle, Buffy Mims, Sharon Rice-Hicks, Bernadette Sargeant, Leslie Spiegel, Michael Tigar, Robert Walker, and Christian White**

-5-

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 27th day of April 2026, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case, and that I separately sent it to the following via electronic mail:

Larry Klayman
Klayman Law Group P.A.
7050 W. Palmetto Park Road
Boca Raton, Florida 33433
leklayman@gmail.com

*/s/ Leslie Paul Machado*
Leslie Paul Machado

-6-